Allen, P.
delivered the opinion of the court:
' The question presented by the record in this ease is whether the paper propounded for probate as the olograph will of David M. Hoy has been executed in the mode prescribed by law.
The Code of 1849, ch. 122, § 4, requires that the will shall be signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature.
In Ramsey & als. v. Ramsey's ex'or, 13 Gratt. 664, it was held that the name of a testator at the commencement of an olograph will is an equivocal act, and unless it appears affirmatively from something on the face of the paper, that it was intended as his signature, it is not a sufficient signing under the statute. In that case Judge Daniel, delivering the opinion in which all the judges concurred, after reviewing and commenting upon the decision and opinions of the judges who delivered opinions in the case of Waller v. Waller, 1 Gratt. 454, upon the reports of the revisors, and referring to Judge *420 Lomax’s exposition of the statute, 3 Lom. Dig. 2 ed. § 35, p. 70, observed that “he thought there was no serious difficulty in coming to the conclusion that the act recognizes no will as sufficiently signed unless it appears affirmatively from the position of the signature, as at the foot or end, or from some other internal evidence equally convincing, that the testator designed by the use of the signature to authenticate the instrument.”
It appears in this case that the instrument propounded was in the hand writing of the deceased; that it was written on a sheet of letter paper, the body of the writing-commencing on the first page and ending about the middle of the next; that the paper was folded so that the third page was outside; that after the death of the deceased the paper was found in a pocket-book in a trunk of the decased; that there were bonds, receipts and other papers in the pocket book; that when found the paper was folded up in the foi’m of a lettei-. and the. words David M. Boy’s will endorsed on the back, being about the middle of the third page when the paper is unfolded. The woi'ds endorsed were in the hand writing of the deceased. The name of the deceased is not signed at the foot or end of the writing’. A date is attached and after the date a clause -added appointing an executor. The instrument does not profess to dispose of nor does it appear that it does dispose of the whole of his estate; and if has no residuary clause. Upon this proof the case is nearly alike to the case of Ramsey v. Ramsey. The will there had more of the marks of a complete and concluded act than this. In that case he declared he thereby made his last will and testament in the manner and form following. The will disposed of all his estate, appointed an executor to that his last will and. testament and revoked all 'former wills, and was dated. It was carefully preserved, was found in the pocket-book. of the deceased locked up in his drawer, *421 folded up in the form of a letter and sealed with a wafer, but without endorsement of any kind.
It is insisted, however, in this ease that the endorsement on the third page in these words “David M. Boy’s will,” proved to be in the hand writing of the deceased, amounted to a signing in such manner as to make it manifest that the name was intended as a signature to give authenticity to the paper. Or if it cannot he regarded as a signature, that it was intended to recognize the signature of the name in the body of the will as a signing.
The argument pre-supposes that the deceased was aware of the necessity of a signing to give it authenticity and to show that it was a final and concluded act. If so it is very improbable that he would, instead of signing his name at the end of the writing in the usual manner, have written it on the middle of the next page, leaving two half pages blank from where the writing terminated in the middle of the second to the middle of the third page; a space to hare written as much nearly as was written in the body of the instrument; or that ho should have endorsed these words on the paper for the purpose of making it manifest that the name in the body of the instrument was intended as a signature, when the name itself written at the end of the instrument would have concluded all inquiry as to the intention.
May it not rather he inferred that the paper was a draft for further consideration. It seems that the instrument was not regarded as final when the date was added, for the clause appointing the executor follows immediately thereafter, and the instrument may have been left in its present condition with the view of adding new provisions as they occurred to his mind; as was the case in respect to the clause appointing his executor. It *422 is an unusual mode of signing or authenticating a paper as a concluded act, by endorsing the name of the person executing it -on the back. Such endorsement is usually made as' a label or mark to distinguish it from other papers, and probably it never occurred to the deceased that it was to have any other function in this case. It is at the most, equivocal, and being so is ruled by the case of Ramsey v. Ramsey.
In olograph wills there is no publication by tlie signing and acknowledgement, and the attestation of witnesses in the manner prescribed by the statute; the signing is the only evidence that it is a final and concluded act. In an instrument purporting to be an attested will the proof - must come up to the requisitions of the law; the court cannot dispense with any of tlie formalities, made essential by the act. In England the signing at the foot or end is alone the index of intention by tlie statute of Victoria; and the manifest intention of the signature wherever placed is the rule in Virginia, and as was said in Ramsey v. Ramsey, it was intended by our legislature to furnish a rule in respect to the signature, which, whilst it would have all the certainty of the British statute, would yet let in wills, which though not signed at the foot or end, might be signed in such a manner as to afford internal evidence of authenticity equally convincing. The endorsement here does not furnish such internal evidence, and I therefore think the Circuit court erred in admitting tlie paper to probate.
The sentence should be reversed with costs; and this court proceeding to give such sentence in the premises as the Circuit court should have given, it is further declared that the paper writing aforesaid propounded for probate as and for the last will and testament of said David M. Hoy deceased, has not been signed by the deceased or by some other person iii liis. presence and by *423 Ms direction so as to make it manifest that the name was intended as a signature, and that probate of the paper be refused; and that the costs of both parties in said Circuit court be a-charge on and to be paid out of the estate of said decedent.
Moncube, J. dissented.
Judgment reversed.